Mr. Chief Justice Shepard
delivered the opinion of the-Court:
Upon the facts stated, the question for determination is this: Was it the plain duty of the Commissioners under the law, to grant an oral hearing to the relator?
The rule is well settled that a general power of appointment *458 to an executive office or employment carries with it the implied power to discharge the appointee without notice or hearing. Any restriction upon the power must be created by positive provisions of the law. 2 Dill. Mun. Corp. sec. 473; Shurtleff v. United States, 189 U. S. 311-315, 47 L. ed. 828-831, 23 Sup. Ct. Rep. 535.
The first act relating to the removal of policemen in this District, to which our attention has been called, is that approved February 28, 1901. That act provided for the removal of policemen upon charges of misconduct, and authorized the Commissioners to make rules and regulations therefor. The regulations promulgated thereafter created a trial board consisting of an assistant corporation counsel, a captain, and a lieutenant of police to be designated by the Commissioners; the counsel to act as chairman of the board. The hearing of witnesses was required, their testimony in serious cases to be taken by a stenographer and transcribed. The trial board was required to forward its findings to the Commissioners, with a brief statement of the facts, and a recommendation as to the penalty to be imposed, together with all papers relating to the case. The superintendent of police was required to express his approval or disapproval of the findings and recommendations. Any member of the police force aggrieved by the findings or recommendation of the trial board was given an appeal to the Commissioners. Appeals were to be heard on the testimony taken before the trial board and on briefs and written arguments, unless, for good cause shown, the Commissioners should otherwise direct. Other regulations relate to the making, and service of the accusation, and taking of testimony, the representation by counsel, etc. As stated in the answer of the Commissioners, under these regulations, it had been the custom on appeals from the findings of the trial hoard, to hear and retry the appellant,— a practice that consumed the time and added to the work of the Commissioners. The act approved June 8, 1906 (34 Stat. at L. 221, chap. 3056), amended the act of 1901. It empowered the Commissioners to make, modify, and enforce such penalties as they may deem necessary to make rules for the govern *459 ment, discipline, etc., of the police force, and to fine, suspend, or dismiss for offenses, misconduct, etc. It was provided, however, that no person shall be removed from the force except upon written charges preferred, and after regular trial before the trial board.
Paragraph 5 of the same act, after authorizing the creation of the trial board and the making and amendment of rules of procedure before the same, proceeded thus:
“And the findings of such trial board or boards shall be final :and conclusive unless appeal in writing therefrom is made within five days to the Commissioners of the District of Columbia, the hearings on appeal to be submitted either orally or in writing, and the decision of the said Commissioners thereon shall be final and conclusive: Provided, That said Commissioners shall not be required, in their review of the sentences and findings of such trial board or boards, to take evidence, either oral, written, or documentary; and they shall have power to reduce or modify the findings and penalty of the trial board or boards, or remand any case against any officer or member of said police force to such board or boards for such further proceedings as they may deem necessary. * * * And provided further, That the rules and regulations of said metropolitan police force heretofore promulgated and in force are hereby ratified, and shall remain in force until changed, altered, amended, or abolished by said Commissioners.”
It is the contention on behalf of the relator, that the words, “submitted either orally or in writing,” confer the privilege of election between the two modes of submission, upon the appellant in such cases, which it is the plain duty of the Commissioners to recognize.
On the other hand, the contention is that the privilege of exercising this election is that of the Commissioners.
The Commissioners are executive officers who, in the exercise of their supervisory power over the findings of the trial board, perform a function judicial in its nature; but it does not follow that the right to submit the appeal, in accordance with the ordinary practice of regular courts of appeal, is an es *460 sential part of due process of- law in such cases. The right must depend upon the provisions of the statute governing the particular case. United States ex rel. Wedderburn v. Bliss, 12 App. D. C. 485-493. The decision in that case draws a clear distinction between the right to a hearing before the tribunal of the first instance, and that on review of the decision of such tribunal.
In ascertaining the meaning of the words, “the hearings on appeal to be submitted either orally or in writing,” we must consider the language of the entire section in which they are embraced. The last proviso of sec. 5 of the act expressly declares that the rules and regulations heretofore promulgated and in force “are hereby ratified, and shall remain in force until changed, altered, amended, or abolished by the said Commissioners.” By this proviso all of the rules and regulations were given force as parts of the statute. The last paragraph of rule 5, which provides that appeals shall be heard on the testimony taken before the trial board and on briefs or written arguments, unless the commissioners, for good cause shown, shall direct otherwise, must therefore be considered in connection with the previous words, “the hearings shall be submitted either orally or in writing.”
These words do not expressly confer the privilege of election upon the appellants in such cases, and their meaning in that respect is uncertain.
To give the clause the meaning contended for by the relator is to bring it into irreconcilable conflict with the proviso; for, as we have seen, the regulation given the force of law thereby expressly reserves the mode of submission to the Commissioners. If there be any necessary conflict between the language of the act proper, and a rule or regulation ratified thereby, and declared to remain in force, doubtless the ratified rule would be regarded as amended to that extent. But where there is no such plain conflict, the rule must be considered as a part of the law. In the construction of a statute, it is the duty of the courts to consider the whole, and, if reasonably possible, to reconcile one part with another, so that due effect may be given to each.
*461 But one meaning can be ascribed to the rule given the force ■of law by the proviso, and it can be reconciled with the preceding clause only by giving to the words thereof a meaning in harmony with it. As the meaning of the first clause is not certain, and that of the latter is, we can come to no other reasonable conclusion than that the intent of the former was to leave the mode of the submission of an appeal to the discretion of the Commissioners. By this construction the act is preserved and given effect as a whole.
It follows that the judgment must be reversed, with costs; .and the cause will be remanded, with direction to overrule the demurrer to the answer and dismiss the petition. It is so ordered. Reversed.