S. J. MARSHALL *v.* J. E. BURKE.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

*As to constitutionality of statute regulating appointment of public officers without regard to party affiliations, see annotation in 27 L. R. A. (N. S.), 720; 22 R. C. L., 409; 3 R. C. L. Supp., 1259.

*Corpus Juris-Cyc References: Highways, 29CJ, section 292, p. 569, n. 21; Officers, 46CJ, section 215, p. 1007, n. 99.

W. N. HICKEY & E. F. SMITH, for complainant, appellant.

MCMAHAN & PIERCE, O. L. MCMAHAN and JOHN R. KING, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

*(1)* By chapter 465 of the Private Acts of 1921 the management of the Hamblen County roads is intrusted to a commission of five. The term of office of the commissioners is two years. Two commissioners are to be elected by the quarterly county court of said county one year and three commissioners the next year, then two, then three, etc. The Act further provides that not more than three of said commissioners shall belong to the same political party.

*(2)* At the April, 1928, term of the county court of Hamblen County this road commission consisted of the complainant S. J. Marshall, Charles Garrison, and W.

P. McCullough, Democrats, and Hubert Bell and A. T. Drinnon, Republicans. The term of the complainant Marshall, Democrat, and the term of Drinnon, Republican, expired at this time. The county court took up the matter of the election of successors to these two commissioners at said term of said court.

Four candidates were placed in nomination for the two offices, namely, complainant Marshall and Reeves, Democrats, and Williams and Trobough, Republicans. The county court was composed of twenty members, all of whom appear to have been present and voting. Reeves, Democrat, received eleven votes. Complainant Marshall, Democrat, received ten votes. Williams, Republican, received ten votes. Trobough, Republican, received nine votes.

In this situation, the chairman of the county court conceived that there was a tie between complainant Marshall and Williams, and as such chairman, to break the tie, cast his vote for Williams, although he had, as a member of the court, already voted for Williams. Reeves and Williams thereupon appear to have been declared elected.

The bill herein was filed by complainant Marshall, upon the facts stated, challenging the validity of the so-called election of Williams as road commissioner. It was charged that the action of the chairman of the county court in voting twice, as above detailed, was illegal, that Williams had not received a majority of the votes cast, and that so far as Williams was concerned his election was absolutely void. The bill proceeded in the theory that no successor to the complainant had been elected and that he was entitled to hold over until a successor was duly elected and qualified. It was conceded in the

bill that Reeves was lawfully elected. The prayer of the bill was that the action of the chairman of the county court "in casting a vote untying the tie" be declared null and void, that Williams be declared not to have been elected and that he be enjoined from acting or attempting to act as said road commissioner until a successor to the complainant had been elected according to law. It was prayed that complainant be declared to be still a road commissioner of Hamblen County and some other relief was asked, not now insisted on. The bill was answered and a motion made to dissolve the injunction which had been granted according to the prayer. On the hearing the Chancellor dissolved the injunction and dismissed the bill and the complainant has appealed.

We think the Chancellor properly dismissed this bill. As before stated, the Hamblen County road law provides that not more than three of the commissioners shall belong to the same political party. It is admitted that Reeves was duly elected as one of the commissioners by the county court. There were already two Democratic commissioners and the election of Reeves completed the Democratic quota. Neither the complainant nor any other Democrat is eligible to a place on this commission until the terms of one of the three Democrats now serving expires or one of the three dies or is removed from office.

(3) It is virtually conceded on the brief that such would be the effect of the statute but it is urged that the provision of the statute just quoted is unconstitutional and void. The section of the Constitution supposed to be contravened is:

"That no Political or Religious test, other than an oath to support the Constitution of the United States,

and of this State, shall ever be required as a qualification to any office or public trust under this State." Article I, sec. 4.

We do not think the statutory provision noted undertakes to require a political test as a qualification to the office of road commissioner of Hamblen County. It is merely prescribed that not more than three of said commissioners shall belong to the same political party. Any citizen, otherwise qualified, is eligible to this office, whether he be Democrat, Republican, Socialist, or without party alignment. To keep the commission as free as possible from political bias, it was enacted that it should not be filled with commissioners of one political faith. No political test, however, was imposed as a qualification for a place on the commission. Political affiliation does not stand in the way of anyone seeking this office.

Such a legislation as this is common in all of the States and in the Federal Government. When the provision is framed as is this provision of the Hamblen County road law, we believe it has been uniformly upheld.

Protection from discriminatory legislation favoring political parties is secured by constitutional provisions that no citizen shall be deprived of any rights or privileges unless by the law of the land or judgment of his peers or by the equal protection of the law clause. 22 R. C. L., 409.

Considering a statutory provision for the selection of three civil service commissioners, not more than two of whom should be adherents of the same party, the New York Court of Appeals expressed the opinion that such statute did not violate any constitutional right of the individual. The court said:

"We think his right to be regarded as eligible to hold office under this Statute is fully recognized when he stands on an equal footing with others of his class, all of whom are eligible. Where there are two offices which members of the same party may fill, if he, being a member of such party, is equally eligible with any other member of that party to fill either, his constitutional privilege to hold office is fully recognized and vindicated. It must be remembered that there is nothing in this Statute which compels the appointment of even one member of any political party. It simply prevents the appointment of more than two from such party. With the appointment of the third, another condition arises, and that condition prevents the selection being made from the ranks of the same political party from which the other two appointments have been made. Having been a member of the eligible class from which the other two persons were selected, and having thus had his constitutional chance of appointment equally with all others of that class, all being eligible, we cannot think that while two others from his class have been taken, and consequently he has been omitted in the two appointments, his eligibility for holding office extends, by virtue of this section of the Constitution, to the right of appointment as a third member of such commission, in spite of the condition limiting the appointment to two from any one political party. In such case it cannot be truly said that eligibility to hold office depends upon party affiliation. The purpose of the provision is of course plain. It seeks to secure the appointment of persons who are not all of the same political views, and thus to provide for a representation in the body so appointed of different and probably conflicting

interests in the State. We cannot believe that the section in question does or was intended to operate so as to prevent the execution of such a purpose so carried out.

". . . But in our judgment, legislation which creates a board of commissioners consisting of two or more persons, and which provides that not more than a certain proportion of the whole number of commissioners shall be taken from one party, does not, in any just sense, amount to an arbitrary exclusion from office, nor to a general regulation requiring qualifications not mentioned in the Constitution." *Rogers* v. *Common Council of Buffalo*, 123 N. Y., 173, 9 L. R. A., 579.

A New Jersey statute enacted that a certain municipal board should be composed of four members, not more than two of whom should be members of the same political party. Referring to this statute, the Court of Errors and Appeals said:

"We concur in the view expressed in *Rogers* v. *Buffalo*, 123 N. Y., 173, 25 N. E., 274, 9 L. R. A., 579, that a statute, the purpose of which is to secure the appointment of persons who are not all of the same political views, and thus provide for a representation in the body so appointed of different and probably conflicting interests in the municipality, does not, because it carries such a purpose into execution, violate either the letter or the spirit of the constitution by reason of the fact that it prohibits the appointment to the board which it creates of more than a certain proportion of members of the same political party, and are entirely content to rest this conclusion upon the reasoning of Mr. Justice PECKHAM in the very elaborate and able opinion from which we have quoted.

"The defendants are entitled to judgment upon their respective demurrers." *McCarter* v. *McKelvey*, 78 N. J. L., —, 138 Am. St. Rep., 583.

The Supreme Court of the United States said there was no doubt of the power of Congress to enact a law providing for the appointment of nine general appraisers of merchandise, nor more than five of whom should be appointed from the same political party. *Shurtleff* v. *United States*, 189 U. S., 311, 47 L. Ed., 828.

Other cases to the same effect are referred to in 22 R. C. L., 409, et seq., and in a note 27 L. R. A. (N. S.), 720.

*(4)* A distinction is to be noted between a statute which requires that only a given number of members of the board shall be taken from the same political party and a statute which requires all or a part of the members of the board to be selected from two of the predominant political parties. In statutes of the first class no party affiliation is necessary for eligibility. In statutes of the second class affiliation with one of the two predominant political parties is required. The courts are divided as to the validity of statutes of the second class. See *People* v. *Hoffman*, 116 Ill., 587, 56 Am. Rep., 793, on the one hand and *Attorney-General* v. *Detroit*, 58 Mich., 213, 55 Am. Rep., 675, on the other hand. For other cases see 27 L. R. A. (N. S.), 720.

For the reasons stated and upon the authorities noted we are of opinion that the provision of the Hamblen County road law herein assailed is valid. This being true, when Reeves was elected to the road commission by the quarterly county court there were three Democratic members on this commission. No other Democrat was at this time eligible to this office. A successor to the complainant Marshall had been duly elected in the person of

Reeves, and Marshall has no *status* as a holdover. His former term has expired and his place has been filled.

*(5)* Whether Williams, the Republican who received ten votes when there were twenty members of the county court voting, was elected to the office of road commissioner, we do not decide in this case.

*(6)* The complainant Marshall is not entitled to maintain this suit.

In *State ex rel.* v. *Bratton,* 148 Tenn., 174, it was held that an injunction would be granted at the instance of an incumbent of an office to restrain a claimant from interfering therewith until such claimant had established his right. It appearing from the pleadings that the claimant was ineligible and had no right to the office, he was permanently enjoined from interference. Such an injunction, however, is only available to the incumbent of an office, to protect his possession as it were, and a contestant out of office cannot enjoin the incumbent and have an election contest in this way. *State ex rel.* v. *Grindstaff,* 144 Tenn., 554.

Without discussing other questions argued, the decree of the Chancellor must be affirmed.