# Presidential Authority to Make Recess Appointments While Incumbents Hold Over

The President may make recess appointments to the Interstate Commerce Commission and to the Board of Directors of the Reconstruction Finance Corporation while members of those entities continue to serve in office under holdover statutes.

October 2, 1950

MEMORANDUM FOR THE DIRECTOR OF PERSONNEL
RECONSTRUCTION FINANCE CORPORATION[*]

You request information as to whether the President may make recess appointments to the Interstate Commerce Commission and the Board of Directors of the Reconstruction Finance Corporation in cases in which incumbents are still serving under provisions of law which permit them to continue to serve until their successors are appointed and qualified.

The appointment, term, and qualifications of a member of the Interstate Commerce Commission are governed by the provisions of section 11 of title 49 of the United States Code (1946). That section provides for terms of office of seven years and that "[u]pon the expiration of his term of office a Commissioner shall continue to serve until his successor is appointed and shall have qualified."

The appointment, qualifications, and tenure of directors of the Reconstruction Finance Corporation, appointed on and after July 1, 1950, are controlled by 15 U.S.C. § 602 (1946 Supp. II) (codifying Act of May 25, 1948, Pub. L. No. 80-548, § 2, 62 Stat. 261, 262), which provides that the terms of the directors in office when the Act of May 25, 1948 was enacted shall be extended until June 30, 1950, and also provides, after initial staggered appointments, for terms of three years, "but they may continue in office until their successors are appointed and qualified." Present incumbents now holding over, however, were appointed under a previous statute (15 U.S.C. § 603 (1946) (codifying Pub. L. No. 72-2, § 3, 47 Stat. 5, 5–6 (Jan. 22, 1932)), which provided that "[t]he terms of the directors appointed by the President of the United States shall be two years and run from January 22, 1932, and until their successors are appointed and qualified."

The authority of the President to make recess appointments is found in Article II, Section 2, Clause 3 of the Constitution, which provides that "[t]he President

---

[*] Editor's Note: This memorandum was addressed to "the Honorable Donald S. Dawson," without indication of his office or title. At the time of this opinion, it appears that Mr. Dawson was serving as Director of Personnel for the Reconstruction Finance Corporation—an inference supported by the fact that the opinion addresses recess appointments to the Board of Directors of the Reconstruction Finance Corporation. *See* Wolfgang Saxon, *Donald Dawson, 97, Dies; Master of Truman Whistle-Stop*, N.Y. Times, Dec. 29, 2005, at A25, *available at* http://www.nytimes.com/2005/12/29/politics/29DAWSON. html (last visited Aug. 24, 2012).

shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session."

A number of decisions in the state courts have dealt with the question whether expiration of the prescribed term, in the case of an officer authorized to hold over until his successor is appointed and qualified, creates a vacancy. The decisions have not been uniform as there are holdings both ways.

No decision under the applicable provision of the federal Constitution has been found. In a number of instances involving United States Marshals and United States Attorneys affected by "hold over" provisions, recess appointments have been given upon expiration of the prescribed term without, apparently, any formal removal or resignation of the incumbent. *See* Memorandum for the Attorney General, from George C. Todd, Assistant to the Attorney General, D.J. File No. 175,594 (Dec. 21, 1914). These officers, by express provision of the law, hold over until their successors are appointed and qualified. The question does not appear to have been raised, however, as to whether a formal removal was necessary.

The President has removal authority with respect to a Director of the Reconstruction Finance Corporation, who appears to be clearly an administrative officer in the Executive Branch. *Myers v. United States*, 272 U.S. 52 (1926). Members of the Interstate Commerce Commission, however, can probably be removed only "for inefficiency, neglect of duty, or malfeasance in office." 49 U.S.C. § 11; *see also Humphrey's Ex'r v. United States*, 295 U.S. 602 (1935); *Power of the President to Remove Members of the Tennessee Valley Authority from Office*, 39 Op. Att'y Gen. 145 (1938) (Jackson, A.G.). Thus, at least insofar as the Reconstruction Finance Corporation is concerned, there is an analogy with the case of United States Marshals.

The Attorney General in *District Attorney—Temporary Appointment*, 16 Op. Att'y Gen. 538 (1880) (Devens, A.G.), held that the President might make a recess appointment to the office of United States Attorney even though the appointee of the court as United States Attorney held the office. He stated that

> The authority given to fill the office to the circuit justice is an authority only to fill it until action is taken by the President. The office in no respect ceases to be vacant in the sense of the Constitution because of this appointment, for the reason that the appointment itself contemplates only a temporary mode of having the duties of the office performed . . . .

*Id.* at 539–40. Likewise it may be said with respect to the commissioners of the Interstate Commerce Commission that where they hold over under the statute after their regular term, it is contemplated that such a holdover is only a temporary mode of having the duties of the position performed and a vacancy does exist in

the sense of the Constitution. Indeed, the statutory authorization for an incumbent to remain in office after the expiration of his term undoubtedly was provided for the purpose of insuring that the duties of such important offices would not go unattended, and obviously was not designed to nullify the provisions of law with respect to the terms of such offices. If the expiration of the term of the individual holding the office does not create a vacancy in the office, it would seem that the President could not, without first removing the incumbent, send to the Senate a nomination for the office.* Such, of course, is not the case and the President frequently sends to the Senate a nomination for an office occupied by an incumbent whose term has expired. To hold that there is no vacancy, merely because the incumbent, whose term has expired, is continuing to serve under statutory authority, would lead to the result that no nomination or appointment could be made until the incumbent resigned or died. Such a conclusion would render entirely meaningless the express statutory provisions which limit the terms of the offices in question to a specified number of years, and obviously is unsound.

In a memorandum for the Attorney General by the Assistant to the Attorney General George C. Todd of December 21, 1914, the question here under consideration was discussed and the conclusion reached that there is a vacancy in office for the purpose of a recess appointment under the circumstances indicated, as set forth in the memorandum:

> John Lord O'Brian was appointed on March 4, 1909 for four years and until his successor should qualify. On December 1, 1914, the Senate being then in recess, the President appointed Mr. Lynn by a commission expiring at the end of the present session of the Senate. Mr. Lynn qualified on December 2, 1914. On December 7, 1914, the Senate convened, and on December 9, 1914, Mr. Lynn was nominated for a full term. On December 14, 1914, the Senate rejected the nomination.

> The questions are:

> > 1. In view of the fact that Mr. Lynn's predecessor did not resign and was not removed, but ceased to be District Attorney only be reason of the appointment and qualification of his successor, was there any "vacancy" within the meaning of the provision of the Constitution authorizing the President to "fill up all vacancies that may happen during the recess of the Senate?"

---

* Editor's Note: In *Nominations for Prospective Vacancies on the Supreme Court*, 10 Op. O.L.C. 108, 109 (1986), the Office reached a different conclusion, stating that "as a constitutional matter, nothing precludes the nomination and confirmation of a successor while the incumbent still holds office."

> This objection to Mr. Lynn's appointment would seem to be over-refined. Mr. O'Brian held office subject to the absolute power of the removal of the President. [*In re Hennen*, 38 U.S. (13 Pet.) 230, 259 (1839); *Blake v. United States*, 103 U.S. (13 Otto) 227 (1880); *Parsons v. United States*, 167 U.S. 324 (1897); *Shurtleff v. United States*, 189 U.S. 311 (1903).] The reasonable view would be that the action of the President in appointing a successor *ipso facto* created a vacancy in the office. It was equivalent to a removal.

Mr. Todd in this memorandum refers in supporting his conclusion to *In re Marshalship*, 20 F. 379 (M.D. Ala. 1884), and to an opinion of the Comptroller of the Treasury, 5 Comp. Gen. 594 (1926).

In conclusion, it would appear that the President's power to make recess appointments exists with respect to the positions here under consideration.[*]

PEYTON FORD
*Deputy Attorney General*

---

[*] Editor's Note: Apart from the sentence identified in the previous Editor's Note, the Office continues to take the position articulated in this opinion. *See* Memorandum for Robert G. Damus, General Counsel, Office of Management and Budget, from Beth Nolan, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Reporting Obligation under the Federal Vacancies Reform Act for PAS Officers Serving Under Statutory Holdover Provisions* (July 30, 1999) ("As a matter of constitutional law, the executive branch consistently has taken the position that there is a vacancy for purposes of the Recess Appointments Clause when an appointment for a term of years expires and the officer continues serving under a holdover provision").

Federal courts, however, have taken conflicting positions on the issue. *Compare Staebler v. Carter*, 464 F. Supp. 585, 589 (D.D.C. 1979) (upholding recess appointment to position on Federal Election Commission still occupied by incumbent, on ground that expiration of incumbent's formal statutory term created immediate vacancy), *with Wilkinson v. Legal Servs. Corp.*, 865 F. Supp. 891, 900 (D.D.C. 1994) (invalidating termination of inspector general by recess appointees on Board of Directors of Legal Services Corporation, on grounds that holdover provision in Legal Services Corporation Act was mandatory and that Board positions were therefore not vacant at time of recess appointments), *rev'd on other grounds*, 80 F.3d 535 (D.C. Cir. 1996); *Mackie v. Clinton*, 827 F. Supp. 56, 58 (D.D.C. 1993), *vacated as moot*, Nos. 93-5287, 93-5289, 1994 WL 163761 (D.C. Cir.) (per curiam) (invalidating recess appointment to position on Postal Service Board of Governors still occupied by incumbent, on ground that statute entitled incumbent to hold position for one year after expiration of formal term). In *Swan v. Clinton*, 100 F.3d 973, 986 (1996), the D.C. Circuit refused to infer tenure protection for holdover members of the National Credit Union Administration "absent clear evidence that this was Congress' intent," because doing so would "preclude[] the President from exercising [the] constitutionally granted power" of recess appointment.