UNITED STATES of America upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT OF WAY 100 Feet Wide and 1,009 Feet Long OVER CERTAIN LAND IN BEDFORD COUNTY, TENNESSEE,

Allen Shoffner, Edna Shoffner, his wife, Farmers Home Administration, United States Department of Agriculture, Allen T. Murray, Trustee, Defendants.

UNITED STATES of America upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT OF WAY 100 Feet Wide and 727 Feet Long OVER CERTAIN LAND IN BEDFORD COUNTY, TENNESSEE,

A. J. Dement, Roma Dement, his wife, Farmers Home Administration, United States Department of Agriculture, Allen T. Murray, Trustee, Defendants.

Civ. A. Nos. 574, 576.

United States District Court
E. D. Tennessee,
Winchester Division.

March 31, 1962.

Thomas A. Pedersen, Asst. Gen. Counsel, TVA, Knoxville, Tenn., for Tennessee Valley Authority.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for Farmers Home Administration. Allen Shoffner, Shelbyville, Tenn., for defendants Shoffners.

FRANK W. WILSON, District Judge.

These cases involve land condemnation suits brought by the Tennessee Valley Authority, hereinafter referred to as the TVA, to acquire easements for a power line. The motion now under consideration was filed in Case No. 574. However, the identical issue is involved in Case No. 576 and the parties have agreed that the Court should consider the cases as having identical motions filed, with the ruling applying to both cases. In each case the Farmers Home Administration, United States Department of Agriculture, hereinafter referred to as the FHA, is alleged to hold a mortgage or security interest in the land over which the TVA seeks to acquire an easement. The TVA has sought to join the FHA by making it a party defendant. The United States Attorney has filed a motion to dismiss upon the ground that the United States cannot sue itself and upon the further ground that the United States cannot be sued without giving its consent, no such consent having been given in these cases. It is the position of the plaintiff that although both the TVA and the FHA are agencies of the United States, the joining of the FHA as a party defendant is equivalent to making it a party plaintiff, since in reality the United States is the party plaintiff. It is further contended by the plaintiff that Rule 71A of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that they name all parties who have an interest in the land, and that this rule therefore requires that the FHA be named as a party defendant.

The United States Attorney has cited authority for the proposition that the United States cannot be sued in this case without giving its consent. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 and United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. It is further contended upon

behalf of the FHA that this being a proceeding against property in which the United States has an interest it cannot be maintained without consent. State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235.

The plaintiff contends that the case of State of Minnesota v. United States, supra, can be distinguished upon the ground that the United States was not a party plaintiff in that suit. However that may be, and regardless of whether consent has or has not been given, the fact is that for the purposes of this suit both the TVA and the FHA are agencies of the United States and that the only party therefore involved, as between these two, is the United States. Although the TVA is a federal governmental corporation, with jurisdictional and procedural consequences that may not be the same in all instances as though it were an agency of the Federal Government (see 3 Moore's Federal Practice 1399 et seq.), for the purposes of this suit in which the TVA seeks to exercise the power of eminent domain it stands as an agency of and acts in the name of the United States. 16 U.S.C.A. § 831c. The FHA is likewise merely an administrative agency of the United States without identity separate or distinct from it. United States Department of Agriculture, etc. v. Remund, 330 U.S. 539, 541, 67 S.Ct. 891, 91 L.Ed. 1082.

It appears to the Court that there could not be any issue between the TVA and the FHA, both being the United States, which this Court could litigate or adjudicate. Any differences between these agencies would at most be interagency disputes which are not subject to settlement by adjudication.

■ It appears that the present problem arises partly from the fact that the TVA is authorized by law to provide its own legal counsel, whereas the FHA is represented by the Department of Justice. This does not overcome however the fact that the United States is the only party involved in the motion presently under consideration. The settlement of interagency problems within the United States Government is not a judicial function but rather an administrative function. In short, the fact that counsel for the plaintiff may not be authorized to represent the interests of all agencies of the United States, or the fact that interagency conflicts of interest may exist, does not raise justiciable matters.

■■ The plaintiff further seeks to justify the present procedure upon the ground that there is no real dispute with the FHA in fact and that therefore this procedure ought to be permitted. The jurisdiction of the Court, however, cannot be predicated upon the absence of any contested issue as between the parties, but rather upon the existence of parties and the existence of justiciable issues. It is obvious in this case that if, before filing the present condemnation suit and attempting to join the FHA as a party defendant, the FHA had foreclosed and acquired complete title to the land, the condemnation suit could not have been filed as the United States could not condemn lands belonging to the United States, even though different agencies were claiming administrative rights to the property. The fact that FHA's interest is a security interest rather than a fee simple interest does not change the situation.

■ It is well settled that the same party may not act in the dual capacity as plaintiff and defendant in the same lawsuit. As stated in 39 Am.Jur., Parties, sec. 8:

> "It is elementary that without adversary parties before it a court is without jurisdiction to render a judgment, and it therefore follows that one person cannot be both plaintiff and defendant in the same action."

Obviously a lien holder suing a mortgagor, or a landowner suing a co-tenant over his interest in lands held jointly is not permitted or required to join himself as a party defendant.

The TVA seeks to rely upon the case of United States v. I. C. C. et al., 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451, as having established the principle that the United States may sue itself "with respect to matters traditionally justiciable". The Court does not believe that the case is authority for the contention of the plaintiff here nor that the case overruled the elementary principle that a party may not sue himself. The facts in the United States v. I. C. C. case were that the United States, in its capacity as a shipper, was seeking to recover from certain railroads alleged excessive freight charges. To do this it brought a claim before the I.C.C. Upon an adverse ruling by the I.C.C., it sought relief in the courts. By reason of technical requirements of the law relating to judicial review of I.C.C. orders, the United States was required to be made a party defendant. The Supreme Court, in reversing the action of the Trial Court dismissing the suit, merely held that while it is true a party may not sue himself, the courts should look to the real parties in interest and if the real parties in interest are adversaries, then a justiciable matter existed.

"There is much argument with citation of many cases to establish the long-recognized general principle that no person may sue himself. Properly understood the general principle is sound, for courts only adjudicate justiciable controversies. They do not engage in the academic pastime of rendering judgments in favor of persons against themselves. Thus a suit filed by John Smith against John Smith might present no case or controversy which courts could determine. But one person named John Smith might have a justiciable controversy with another John Smith. This illustrates that courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented."

The Court then went on to hold that since the United States upon the one side and the railroads upon the other were the real parties in interest, the technical requirement that the United States be named a party defendant upon appeal of an I.C.C. order did not prevent a justiciable issue from existing as between the real parties in interest. The case is believed to be authority only for the proposition that adversary parties must in fact exist in order for a justiciable issue to exist, but when adversary parties do in fact exist, the existence of a nominal party as both plaintiff and defendant because of some technical requirement of the law will not prevent the courts from having jurisdiction.

■ It is further contended by the plaintiff that, by analogy to the technical requirement of the law that the United States be made a party defendant in actions attacking I.C.C. orders, Rule 71A of the Federal Rules of Civil Procedure requires that "the plaintiff shall add as defendants all persons having or claiming an interest in that property * * *." It is not believed that Rule 71A was ever intended to grant jurisdiction to the Federal Courts to adjudicate disputes between agencies of the United States nor that the rules could lawfully accomplish such a purpose. Such an interpretation will not be placed upon Rule 71A. Joining the United States as a party defendant, nominal or otherwise, is not a technical requirement as a method of reaching the real defendants other than the United States having an interest in the land sought to be condemned. Those parties are already properly made defendants in the suit. Moreover, the FHA is not sought to be joined here as a mere nominal party, but rather as an agency of the United States having an interest in lands sought to be condemned by another agency of the United States.

The motion to quash service of process will be sustained. An order will enter accordingly.