# Resolution of Legal Dispute Between the Department of Energy and the Tennessee Valley Authority

The Tennessee Valley Authority is a part of the Executive Branch. The members of its board of directors serve at the pleasure of the President. In a legal dispute between two Executive agencies whose heads serve at the pleasure of the President, Executive Order No. 12146 requires that the dispute be referred to the Attorney General for resolution.

July 8, 1987

MEMORANDUM OPINION FOR THE GENERAL COUNSEL,
DEPARTMENT OF ENERGY

This responds to your request of June 30, 1987 for the opinion of the Attorney General on whether a dispute between the Department of Energy (DOE) and the Tennessee Valley Authority (TVA) is subject to resolution under Executive Order No. 12146, 3 C.F.R. 409 (1979 Comp.).[1] We believe that Executive Order No. 12146 requires that the dispute be submitted to the Attorney General for settlement.

Executive Order No. 12146 provides the President's orders to his subordinates regarding inter-agency disputes. Section 1–4 states:

> 1–4. *Resolution of Interagency Legal Disputes.*
>
> 1–401. Whenever two or more Executive agencies are unable to resolve a legal dispute between them, including the question of which has jurisdiction to administer a particular program or to regulate a particular activity, each agency is encouraged to submit the dispute to the Attorney General.

---

[1] The TVA and DOE disagree on the amount of money DOE owes the TVA for certain electric power. The TVA has filed suit against DOE. *Dean* v. *Herrington*, No. 3–87–436 (E.D. Tenn. filed June 16, 1987).

NOTE: After this opinion was issued by the Office of Legal Counsel, the District Court held that Executive Order No. 12146 did not apply to the TVA. *See Dean* v. *Herrington*, 668 F. Supp. 646, 652–53 (E.D. Tenn. 1987). Without deciding "whether TVA's head 'serves at the pleasure of the President,'" *id.* at 653, the court found that Executive Order No. 12146 was intended to coordinate the legal resources of agencies represented by the Justice Department and therefore did not apply to agencies such as TVA that have independent litigating authority. *Id.* The Claims Court rejected that conclusion after the district court had transferred the case to it. Although finding the case justiciable, the Claims Court held that Executive Order No. 12146 did apply, *see Dean* v. *Herrington*, 13 Cl. Ct. 692, 700–02 (1987), and therefore temporarily suspended the action and ordered the parties to submit the dispute to the Attorney General for administrative resolution. *Id.* at 703.

1–402. Whenever two or more Executive agencies whose heads serve at the pleasure of the President are unable to resolve such a legal dispute, the agencies shall submit the dispute to the Attorney General prior to proceeding in any court, except where there is specific statutory vesting of responsibility for a resolution elsewhere.

3 C.F.R. 411 (1979 Comp.). Because we believe that both DOE and the TVA are headed by individuals who serve at the pleasure of the President, we believe that § 1–402 requires that the TVA-DOE contract dispute be submitted to the Attorney General prior to any court resolution.

The Secretary of Energy is appointed by the President with the advice and consent of the Senate. 42 U.S.C. § 7131. The statute places no limit on the President's power to remove the Secretary, and there is no question that the Secretary serves at the pleasure of the President within the meaning of § 1– 402.[2]

The TVA is a government corporation established by Congress and governed by a board of directors. 16 U.S.C. §§ 831, 832(a).[3] Its board of directors is "composed of three members, to be appointed by the President, by and with the advice and consent of the Senate." 16 U.S.C. § 832(a). In the absence of any other guidance, we are of the view that the President may remove board members in his discretion because, as with the Secretary of Energy, the statute places no limit on his removal authority.

The historical record supports this proposition. Shortly after the TVA was created in 1933, it was enveloped in scandal. As the board members quarreled over responsibility, President Roosevelt asked the chairman, Dr. A. E. Morgan, to provide evidence to support his charges of corruption among his fellow board members. When Dr. Morgan refused to do so, the President held a hearing and dismissed Dr. Morgan from office.[4] Attorney General Robert Jackson subsequently issued an opinion that concluded that the TVA was an executive agency and that, therefore, the President could remove its members. 39 Op. Att'y Gen. 145 (1938).

This view was not confined to the Executive Branch. Dr. Morgan sought relief in court, charging that the TVA was a quasi-legislative body responsible to Congress. The U.S. Court of Appeals for the Sixth Circuit rejected his claim:

It requires little to demonstrate that the Tennessee Valley Authority exercises predominantly an executive or administrative function. To it has been entrusted the carrying out of the dictates of the statute to construct dams, generate electricity, manage and develop government property. Many of these activities, prior to the setting up of the T.V.A., have rested with the several

---

[2] *See generally Myers* v. *United States,* 272 U.S. 52 (1926), *Shurtleff* v. *United States,* 189 U.S. 311 (1903); *In re Hennen,* 38 U.S. (13 Pet.) 230 (1839); *Kalaris* v *Donovan,* 697 F.2d 376, 389 (D.C. Cir ), *cert. denied,* 462 U.S. 1119 (1983).

[3] Government corporations are agencies of the United States. *Rainwater* v. *United States,* 356 U S 590, 591–92 (1958).

[4] 83 Cong. Rec. 3917–18, 3951–53 (1938).

divisions of the executive branch of the government. . . . [The TVA] is not to be aligned with the Federal Trade Commission, the Interstate Commerce Commission, or other administrative bodies mainly exercising clearly quasi-legislative or quasi-judicial functions — it is predominantly an administrative arm of the executive department.

*Morgan* v. *TVA*, 115 F.2d 990 (6th Cir. 1940), *cert. denied*, 312 U.S. 701 (1941). This decision, upholding the President's authority to dismiss TVA directors, has remained the law for the last forty years.[5]

Because the Secretary of Energy and the members of the board of directors for the TVA carry out executive functions and serve under the direction and control of the President, the dispute between these two agencies must be submitted to the Attorney General for resolution. This would bring the two agencies into compliance with the Executive order and comply with the constitutional requirements pertaining to the separation of powers, which necessarily render judicial resolution of a dispute between two agencies in the Executive Branch, both of which are headed by officers answerable to the President of the United States, non-justiciable.[6]

DOUGLAS W. KMIEC
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[5] *See also TVA* v. *Kinzer*, 142 F.2d 833, 837 (6th Cir. 1944); 1959 *Pub. Papers* 566 (Aug. 6, 1959) ("TVA is, however, part of the Executive Branch of the Government.") (statement of President Eisenhower on signing bill amending TVA's authorizing statute).

[6] *See United States* v. *Easement & Right of Way Over Certain Land in Bedford County, Tennessee*, 204 F. Supp. 837 (E.D. Tenn. 1962).