## Glessner's Case.

*Township policemen—Removal—Petition for removal—Appointing power—Public officers—Act of July 14, 1917, P. L. 840.*

1. A township policeman is not a public officer within the meaning of section 192 of the Act of July 14, 1917, P. L. 840.

2. The court of quarter sessions has no jurisdiction under the Act of 1917 to remove a township policeman for alleged improper conduct upon the petition of twenty-five real estate owners residing within the township.

3. Such a policeman may, however, be removed at common law by the court of quarter sessions which appointed him, either for cause or without cause, of the court's own motion, without the formality of a petition signed by citizens.

4. Where no provision has been made by the legislature for the manner of removal of an officer, then he must be dismissed, if at all, in the way provided by the fundamental law, i. e. by the power which appointed him.

Argued February 7, 1927.   Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 38, March T., 1927, by J. E. Imler, petitioner, from order of Q. S. Somerset Co., Feb. T., 1924, No. 21, dismissing petition for revocation of order of appointment of Victor B. Glessner as township policeman. Reversed.

Petition for revocation of appointment of policeman. Before BERKEY, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.   J. E. Imler, petitioner, appealed.

*Error assigned* was, inter alia, order, quoting record.

*Charles F. Uhl,* of *Uhl & Ealy,* for appellant.—The appointive power has the power to remove: Houseman v. Com., 100 Pa. 222; Brower v. Kantner, 190 Pa. 182; Com. v. Connor, 207 Pa. 263; Seltzer v. Fertig, 237 Pa. 514; Com. v. Likeley, 267 Pa. 310; Com. v. Lynch, 22 Pa. C. C. R. 422; Ulrich v. Boro., 53 Pa. Superior Ct. 246; Essinger v. Newcastle, 275 Pa. 408; Muir v. Madden, 286 Pa. 233.

*Joseph Levy,* with him *Norman T. Boose* and *Budd B. Boose,* for appellee.—Township policemen are not public officers: Houseman v. Com., 100 Pa. 222; Com. v. Black, 201 Pa. 433; Richie v. Phila., 225 Pa. 511; Truitt v. Phila., 221 Pa. 331.

The decisions clearly recognize the fact that policemen are not public officers, subject to removal at the pleasure of the appointing power, but their removal is subject to legislative regulation alone: Georges Twp. School Directors, 286 Pa. 129; Com. ex rel. v. Benn, 284 Pa. 421,

The petition is insufficient to confer jurisdiction: Lloyd v. Smith, 176 Pa. 213.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

Taxpayers of Brothersvalley Township, Somerset County, petitioned the court of quarter sessions for the revocation of the appointment, made by the court for an indefinite period, of Victor B. Glessner as deputy constable, alleging he had committed illegal acts and been guilty of improper conduct in connection with the performance of the duties of his office while patroling state highways. Respondent's answer questioned the sufficiency of the petition to give the court jurisdiction, and, after hearing, the proceeding was dismissed because the petition failed to conform to the requirements of section 192 of the Act of July 14, 1917, P. L. 840, relating to townships, in that the complaint was not signed by twenty-five real estate owners residing within the township.

The section above referred to provides that "If any township officer in any township of the first or second class refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by twenty-five citizens, owners of real estate residing in the township or district, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing, on proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed."

The foregoing provisions apparently contemplated only officers elected or appointed to fill an office created by the act for a definite term. The court is given power, in case he finds the charges are true, to "declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed." The sec-

tion does not apply to mere employees or appointees to administrative offices. It refers to such officers as are chosen for a definite and certain time, to an office requiring the performance of duties of an important character and involving at least in part functions of government, in analogy to the rule applied in the definition of the term "public officer" within the meaning of the constitutional provisions relating to the increase or reduction of salaries of such officers: Com. v. Moffitt, 238 Pa. 255, 262; Alworth v. Lackawanna Co., 85 Pa. Superior Ct. 349, 352. To hold that a township policeman is not liable to dismissal for cause, except at the instance of twenty-five owners of real estate within the township, would raise the dignity of the office of such policeman far above any station ascribable to him by reason of the nature of his duties. We will not so construe the act unless such construction is plainly required by the language used. The appointment and duties of township policemen are provided for under a separate heading and sections (chapter 6, article VII, sections 355-8) which also contains provisions for their discharge, "whenever the court appointing them is satisfied that their services are no longer required." No provision is made for their discharge for improper performance of duties.

The general rule is that the power which appoints an officer of any character has also power to remove him. This rule was incorporated in the Constitution, which provides that "appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed." The contention is, however, that inasmuch as policemen are not officers within the meaning of this clause, which is confined to appointed officials who exercise public functions (Com. v. Black, 201 Pa. 433, 436; Com. v. Sulzner, 198 Pa. 502), the quarter sessions court was without power of removal, except such as was expressly given by the Act of 1917, and as the petition in this case is not based

on the theory that the services of the constable were no longer required, but that he was improperly and illegally exercising the duties of his office, no right of removal on such ground exists. The effect of this argument is that no authority is shown for the removal of respondent for the causes alleged, and unless it can be made to appear that his services are no longer required, and having been appointed for no fixed term, he is entitled to hold office indefinitely.

The situation as thus urged is one where it would seem neither the community nor the court has power or remedy to take action in case of breach of duty on the part of respondent, first, because he is not an officer within constitutional provisions, and, second, because the legislature made no express provision for discharge for cause. Such situation is so contrary to our general laws and system of government that we should hesitate to adopt a construction which would permit it to arise unless no other alternative appeared. There is, however, ample authority in the court to remove the officer, for reasons which we shall briefly state.

Under the common law it is the rule that the tenure of ministerial officers in general is during the pleasure of the appointing power, unless the law clearly provides otherwise. "An officer is not appointed for his own sake, but for that of the public. If he misbehaves, the sooner he is removed the better, because the country suffers every moment that he continues in office......Never was it supposed, in Pennsylvania, either before or since the revolution, that it was proper for ministerial officers to hold by any stronger tenure than the pleasure of the persons through whom they received their appointment, except in special cases where by law it was provided otherwise. This long continued custom is powerful evidence of the law; particularly in the United States, where every freeman stands on the same proud footing, where offices are sought with avidity, and where there is neither inclination to submit to executive oppression,

nor danger in resisting it": Com. v. Bussier, 5 S. & R. 451, 461. In the case of Field v. Com., 32 Pa. 478, we also find a statement (page 481) that "where an appointment is during pleasure, or the power of removal is entirely discretionary, there the will of the appointing or removing power is without control, and no reason can be asked for, nor is it necessary that any cause should be assigned." The common law rule, as stated above, was in force in this State before the adoption of the Constitution of 1874. Having concluded that neither the constitutional nor statutory provisions apply to the present proceedings, then the law as it existed previous to the adoption of the Constitution remains in force, and the court which appointed respondent has power to revoke the appointment, either for cause or without cause, and of its own motion, without the formality of a petition signed by citizens.

We are referred to numerous decisions in which the question of the right to dismiss appointed public officers under the provisions of section 4, article VI, of the Constitution has been discussed. As to these it is sufficient to say that in each case the conflict was between the method provided in the Constitution and the method provided by statute, thus raising a question as to whether the officer was such a public officer within the meaning of the constitutional provision that a different method of removal could not be established by statute. Here no question of conflict between constitutional and statutory provisions arises, because no method of removal for the cause alleged is given, either in the Constitution or statute, consequently the common law rule above referred to must be followed and the rule applied that "where no provision has been made by the legislature for the manner of removal of such an officer......  then he must be deposed, if at all, in the way provided by the fundamental law": Georges Twp. School Directors, 286 Pa. 129, 134.

The decree of the court below is reversed and the record remitted that proper action may be taken in accordance with this opinion. Costs to abide final disposition of the case.