## Delaware River Joint Commission

RENO, Attorney General, March 24, 1939.—Recently you requested me to inquire into your authority to remove the members of the Delaware River Joint Commission.

This commission was created by agreement between the Commonwealth of Pennsylvania and the State of New Jersey. The Governor of the Commonwealth was authorized to enter into said compact or agreement on behalf of this Commonwealth by the Act of June 12, 1931, P. L. 575, 36 PS §3503. The agreement provides, in part, as follows:

"Article I.

"There is hereby created a body corporate and politic, to be known as The Delaware River Joint Commission (hereinafter in this agreement called the 'Commission'), which shall constitute the public corporate instrumentality of the Commonwealth of Pennsylvania and the State of New Jersey for the following public purposes, and which shall be deemed to be exercising an essential governmental function in effectuating such purposes, to wit . . .

"Article II.

"The commission shall consist of sixteen commissioners, eight resident voters of the Commonwealth of Pennsylvania, and eight resident voters of the State of New Jersey, who shall serve without compensation.

"The first eight commissioners for the Commonwealth of Pennsylvania shall be the Governor of the Commonwealth, the Auditor General, the State Treasurer, the Mayor of the City of Philadelphia, and the four additional persons now serving as members of the Pennsylvania Commission, existing by virtue of Act Number Three hundred thirty-eight of the Commonwealth of Pennsylvania, approved July ninth, one thousand nine hundred and nineteen (Pamphlet Laws, eight hundred fourteen), and act amendatory thereof and supplementary thereto. . . . .

"For the Commonwealth of Pennsylvania, the Governor, the Auditor General, the State Treasurer, and the executive head of the City of Philadelphia, in office at the time, shall always be members of the commission, and, in addition thereto, there shall be four members appointed by the Governor, who shall be known as appointive members. Whenever a vacancy occurs in the appointive membership of the commission, the Governor shall appoint a member to serve for a term of five years from the date of his appointment. . . .

"All commissioners shall continue to hold office after the expiration of the terms for which they are appointed or elected unless and until their respective successors are appointed and qualified, but no period during which any commissioner shall hold over shall be deemed to be an extension of his term of office for the purpose of computing the date on which his successor's term expires."

Thus, the statute designates eight resident voters of Pennsylvania as members of the commission, describing four of them by the titles of their respective offices, and the other four by reference to their membership in an existing body theretofore created. The act also provides that, as to Pennsylvania, the holders, from time to time, of the four offices designated should always be members of the commission, and that in addition thereto there should be four members appointed by the Governor, who shall be known as appointive members. Provision was

made for filling vacancies in the appointive membership, authorizing appointment by the Governor for the term of five years from the date of appointment. Concerning the four persons holding the designated public offices, I assume that there is no question in respect of their right to continue as members of the commission. This discussion will be confined to your right to dismiss the four appointive members.

Article VI, sec. 4, of the Constitution provides as follows:

"All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly, and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

In Commonwealth ex rel. v. Likeley, 267 Pa. 310, the Supreme Court said that this section provides for three methods of removal of public officers other than by formal impeachment by the House of Representatives before the Senate, viz., on conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause on the address of two thirds of the Senate, and all officers are subject to the first kind, appointed officers to the second, and elected officers to the third, regardless of the classification of the officers into State, county, and municipal. See also Georges Township School Directors, 286 Pa. 129, wherein it is held that appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. And it has been held that under the common law

the appointing power may remove ministerial officers at pleasure, either for cause, or without cause, and of its own motion where such appointive officers are not included or covered by constitutional provision: Glessner's Case, 289 Pa. 86.

The tenure of the members of this commission has already been before the Supreme Court of Pennsylvania in Commonwealth ex rel. v. Clark et al., 331 Pa. 405.

Messrs. Thomas B. Smith and Richard Weglein, of Philadelphia, were members of the Pennsylvania commission at the time the Act of 1931, supra, was enacted, *and, pursuant to its provisions*, they became appointive members of the Delaware River Joint Commission. They were serving as members of the joint commission at the time Governor Earle took office and on December 10, 1936, were removed by him. In their stead, Governor Earle appointed James P. Clark and George Gordon Meade. Quo warranto proceedings were instituted by Messrs. Smith and Weglein against James P. Clark and George Gordon Meade. The Court of Common Pleas of Philadelphia County held that the relators were appointed officers, as referred to in article VI, sec. 4, of the Constitution, supra, and could therefore be removed by the Governor. In addition to Governor Earle's removal of Messrs. Smith and Weglein, the General Assembly passed a resolution stating that Smith and Weglein "are not appointees of the General Assembly", that they had been properly removed by the Governor, and that they no longer held office as members of the commission.

The Supreme Court held that these two men had been appointed by legislative designation or appointment and consequently were not within the category of public officers referred to in article VI, sec. 4, of the Constitution. At page 412 the opinion of the Supreme Court is as follows:

"We cannot see the slightest difficulty in understanding that provision to be a legislative designation or appointment by accurate description of the eight members by

reference to offices then held by them. The appointment was complete; the Governor could add nothing to it; he could take nothing from it; the appointees were clearly described. He could have vetoed the bill; instead, he approved it, but his approval was not the selection of members of the commission, because that had already been done by the legislature."

With respect to the contention of Messrs. Clark and Meade that the resolution of the General Assembly above referred to had clearly designated a legislative intent that Smith and Weglein were not legislative appointees, the court, at page 414, held:

"It is the duty of the courts to determine what the Act of 1931 means; the legislature has no power by resolution to determine how that statute shall be interpreted in its application to a past transaction or that appellants 'were lawfully removed as members of the [commission] and that they no longer hold office as such': *Reiser v. William Tell Saving Fund Assn.*, 39 Pa. 137. The duty of determining the legality of the alleged removal was and is in the Courts; at this point the doctrine of the separation of powers operates against appellees."

The Supreme Court, as stated, ruled that Messrs. Smith and Weglein were legislative appointees and consequently could not be removed by the Governor. Whereupon the General Assembly enacted the Act of September 22, 1938, P. L. 37, removing them as members of the commission. Subsequently the Governor appointed Messrs. Clark and Meade and they continued to hold office as members of the commission. Governor Earle also appointed John B. Kelly and John A. McCarthy to fill two other existing vacancies. Hence, the four so-called "appointive members" of the commission are all holding their present office by virtue of appointments by the Governor of the Commonwealth.

And since they have been appointed by the Governor, they are subject to the provisions of article VI, sec. 4, of the Constitution, supra, and can be removed by you. Hav-

ing removed the four appointive members, or any of them, you may, under the terms of the act creating the commission, fill the vacancies then existing by appointment for a term of five years.