Commonwealth ex rel. Siani et al., Appellants, *v.*
City of Wilkes-Barre et al.

Argued March 8, 1949. Before Rhodes, P. J., Hirt, Reno, Dithrich, Arnold and Fine, JJ. (Ross, J., absent).

*George I. Puhak,* for appellants.

*Howard E. Kennedy,* City Solicitor, for appellees.

Opinion by Reno, J., July 15, 1949:

Appellants instituted mandamus to compel the City of Wilkes-Barre and the members of its council to re-

instate them as active members of the paid fire department, and for the payment of their bi-weekly salaries of $109.58. The defendants filed an unverified pleading captioned "Preliminary Objection to Complaint" which in its text is actually a motion for a "Rule on the plaintiffs above-named to show cause why judgment should not be entered for the defendants because the Complaint filed by the above-named plaintiffs did not state a cause of action." This seems to have been an effort to combine the preliminary objection provided by Pa. R. C. P. No. 1028 with the motion for judgment on the pleadings under Pa. R. C. P. No. 1034. The court granted the rule; appellants answered; and, after argument, the court en banc entered judgment for defendants. No objection to the regularity of the proceedings or to the propriety of a joint action or appeal has been raised. See Pa. R. C. P. No. 2229(a), 12 PS Appendix, p. 308. The question of the jurisdiction of this Court was waived at the argument. Act of May 5, 1899, P. L. 248, §11, 17 PS §203.

Appellees' anomalous pleading has been treated here in the same way as the parties and the court below dealt with it. All regarded it as a motion for final judgment; none sought an interlocutory order. Appellants did not seek an opportunity to amend their complaint after the decision against them. In this Court appellees did not so much as intimate that they be allowed to answer in the event that their legal position was not sustained. The facts are admitted, and both parties submitted a bare question of law to the court below and this Court. Following the course which the proceedings have consistently followed, we shall enter a final judgment.

In 1948 Siani was 46 years old, Herman 59 years old; Siani had been a fireman for 22 years, Herman for 30 years. They were firemen when the Act of June 23, 1931, P. L. 932, §4401, 53 PS §12198-4401 et seq., was enacted, and thereby (§4407, 53 PS §12198-4407) ac-

quired civil service status. They may be discharged only "for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department," and then only after a hearing by council. When the number of employes in any department is reduced "for purposes of economy, seniority rights shall prevail" and "the member or members serving the shortest time shall be removed first." Id. §4408, 53 PS §12198-4408. The force was not reduced for purposes of economy or for any other reason.

On December 3, 1946, the city ordained "that paid members of the Bureau of Fire of the City of Wilkes-Barre who shall have served in said Bureau for a minimum period of at least twenty continuous years, may be retired from active duty. That upon the retirement of any member of the Bureau of Fire, he shall be placed on the retired list and shall receive such pension as shall be authorized by the rules and regulations of the Wilkes-Barre Firemen's Relief and Pension Association." On August 3, 1948, the city council resolved "that the following named men be and they are hereby retired from active duty in the Bureau of Fire; effective August 16, 1948, and be it further resolved that the said men shall be subject to service from time to time as a Firemen's Reserve until unfitted for such service when they may be finally discharged by reason of age or disability: Joseph Herman, John Siani".

The controversy revolves around the ordinance and resolution, appellants contending that they violate their rights as civil service employes. It is conceded that no charges were preferred against them, no hearing afforded to them, and that they have not applied for retirement or pension. It must be observed too that there is no finding that they are disabled or unfit for service. On the contrary, they are still subject to service in the reserve force, presumably without pay, until they do become "unfitted for such service when they may be finally dis-

charged by reason of age or disability". It is also clear that no fixed rule was followed in designating appellants for retirement. Siani is only 46 years old, Herman almost sixty; so age was not a factor. Siani served 22 years, Herman 30 years; so comparative length of service was not the determining standard. On its face the resolution bears the earmarks of arbitrary selection and action. As a matter of fact, according to the complaint, there are 35 firemen who have been in service longer than Siani, and they have not been retired.

The city contends that it may, without violating civil service regulations, for the purpose of promoting efficient service, retire employes after 20 years of service. Our view of the case does not call for a decision on that precise point. *Boyle v. Philadelphia,* 338 Pa. 129, 12 A. 2d 43, decides that a city, notwithstanding civil service regulations, may provide for compulsory retirement of firemen at the age of 65, and it may well be that the rationale of that case will support compulsory retirement after 20 years of service. But, in either case, compulsory retirement of civil service employes at 65 or after 20 years' service can be accomplished only by a general, non-discriminatory ordinance which operates uniformly and equally upon *all* the members in the class created by the ordinance. "Where a bona fide attempt is made by a municipality to improve its police and fire service, *and all employees of the same class are treated alike,* it would seem that there can be no doubt that the municipality has the right to adopt a plan of demotion and retirement based upon age limitations. To say that for economy a police force can be reduced, but for efficiency men too old for real service cannot be retired, does not make sense. *This is not the case of an individual, it is the case of all patrolmen, hosemen, and laddermen of Philadelphia.* Our decision rests upon the particular facts here presented, involving a *general, nondiscriminatory age classification.* It does not open the door to

removals for political or partisan reasons, made under the pretense of economy or efficiency": *Boyle v. Philadelphia, supra,* p. 133. (Emphasis added.)

If, in the formulation of its public policy, a city determines that after 20 years of service its employes have outlived their usefulness as active firemen, it follows that all firemen within that class are equally obsolescent. It cannot select two members of that class, retire them, and retain in active service 35 other employes in the same class. If one of a class is to be retired because he is a member of an ordained classification, all employes in that class must be retired. So long as others in the same category are retained in active service, appellants may not be retired. They can be discharged from service but only for the reasons prescribed by, and in conformity to, the civil service provisions of the Act. The resolution is invalid.

The salaries of appellants may be recovered as damages in a mandamus action. *Cain v. Stucker,* 159 Pa. Superior Ct. 466, 48 A. 2d 162; *Langan v. Pittston School Dist.,* 335 Pa. 395, 6 A. 2d 772. The Act of June 8, 1893, P. L. 345, 12 PS §1912-1922, so far as it relates to damages, costs, effect and enforcement of judgments in mandamus, was not suspended by the Civil Procedural Rules. Pa. R. C. P. No. 1457, 12 PS Appendix, p. 248.

This disposition of the case renders unnecessary discussion or decision of the other questions raised by the appeal.

The judgment is reversed, and the record is remitted to the court below with directions to assess the damages and enter judgments for appellants, with mandates for reinstatement as active members of the fire department and payment of the damages and costs, including costs of this appeal; whereupon a peremptory writ shall issue.