## Bell Telephone Company of Pennsylvania v. Sorkin

*George Guyer Young, Jr.* and *Joseph A. Keough,* for plaintiff.

*Percy H. Sand,* for defendant.

DIGGINS, J., April 19, 1963.—This is an action in assumpsit wherein plaintiff seeks to recover the sum of $1,590.80, being the contract price of defendant's various advertisements and listings in several telephone directories, including the Delaware County Classified Directory of May 1960.

Defendant filed an answer, new matter and counterclaim, to which plaintiff filed preliminary objections.

There were earlier preliminary objections in this case filed by plaintiff, which were disposed of by previous order entered by the court, Sweney, J., which

order also required the filing of an amended answer, new matter and counterclaim, which were filed, to which plaintiff filed an answer, in which answer plaintiff itself filed new matter.

Defendant then answered plaintiff's new matter, to which plaintiff filed what it calls, "Petition to Strike Off Counterclaim and Defendant's Reply to Plaintiff's New Matter." We do not recognize this pleading by this appellation, but a reading thereof indicates that it is in the nature of a motion for a judgment on the pleadings so far as the counterclaim is concerned, and we will so treat it. Also, there is filed by plaintiff and before us, objections to certain answers made by defendant to interrogatories submitted by plaintiff.

These pleadings are a monument to confusion, but distilled, they can be recognized and adjudicated. We will deal first with the motion for judgment on the pleadings.

The challenge to defendant's counterclaim, in light of all of the pleadings, is based upon the contention by plaintiff that the counterclaim is limited and controlled by a tariff filed by plaintiff with the Public Utility Commission as follows:

"The Telephone Company, except as provided herein, shall not be liable for damage claimed on account of errors in or omissions from its directories nor for the result of the publication of such errors in the directory, nor will the Telephone Company be a party to controversies arising between customers or others as a result of listings published in its directories. Claims for damages on account of interruptions to service due to errors in or omissions of directory listings will be limited to an amount equivalent to the proportionate charge for that part of the customer's service which is impaired, but not to exceed one-half of the local service charges for the service items affected for the period from the date of issuance of the directory in which the

mistake occurred to the date of issuance of a new directory containing the proper listing."

Plaintiff also bases its challenge to the counterclaim on a provision in the contract between the parties as follows:

"4. The Telephone Company assumes no liability for errors in or omissions of the advertising or listings provided herein."

These are the issues before this court now.

The first thing to be considered is the conditions under which one may have judgment on the pleadings. Like all summary judgments entered without a trial, judgment on the pleadings may be entered only in clear cases (Necho Coal Company v. Denise Coal Company, 387 Pa. 567, 128 A. 2d 771) ; and where there are no issues of fact (Boulton v. Starck, 369 Pa. 45, 85 A. 2d 17), the court must construe the pleadings alone (Hudak v. Hudak, 7 Lawrence 9), drawing all inferences and assuming all the concessions which would apply in a ruling on a demurrer (Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A. 2d 412). See also Commonwealth ex rel. Siani v. City of Wilkes-Barre, 164 Pa. Superior Ct. 529, 67 A. 2d 776.

Whether or not allegations such as those here relied upon by plaintiff will sustain a motion for judgment on the pleadings is in conflict in the lower courts and there are no definite appellate decisions on the point. Support of the granting of a motion for judgment on the pleadings where such specific defenses as here alleged are presented is found in the following cases: Furn. & App. Inc. v. Bell Tel. Co., 109 Pitts. L. J. 205; Shapiro v. Bell Telephone Company of Pennsylvania, 92 Pitts. L. J. 10. The cases contrary are as follows: Siter v. Bell Telephone Co., 6 D. & C. 257, Newsham v. United Telephone Company of Pennsylvania, 2 D. & C. 2d 312.

Restatement, Contracts, partially covers the situation here presented:

"§575. Illegal Bargains for Exemption from Liability for Wilful or Negligent Misconduct.

"(1) A bargain for exemption from liability for the consequences of a wilful breach of duty is illegal, and a bargain for exemption from liability for the consequences of negligence is illegal if . . .

"(b) one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation."

The counterclaim here arises because defendant contends that in the listing in the yellow pages there was an error. Defendant is, inter alia, a "chiropodist." In the yellow pages, he was listed under "Chiropodists":

"Next to Tower Theater
Ofc. Haverford Hospital—HI 9-0900
Ofc. 21 S. 69th St.—FL 2-4988"

instead of

"Ofc. 21 S. 69th St.—FL 2-4988
Next to Tower Theater
Ofc. Haverford Hospital—HI 9-0900"

One of the problems here presented is whether or not the listing in the yellow pages is a public service or a private service offered by the telephone company. So far as a listing in the regular section of the telephone directory is concerned, we have no doubt that this is a public service. However, listings and advertising in the yellow page section may very well present a very different legal situation. If these listings in the yellow pages fall within the private business dealings of the company and its subscribers, the Public Utility Commission has no jurisdiction and the aggrieved party is not bound by tariffs filed with the Public Utility Commission: Felix v. Pennsylvania Public Utility Commission, 187 Pa. Superior Ct. 578. The foregoing case

involves nonsubscribers to the telephone service who merely wanted an advertisement in the yellow pages, using the telephone number of an associate subscriber. This was declined and the Utility Commission said it had no jurisdiction under those circumstances. Here we are dealing with a subscriber who has an additional contract involving the yellow page section.

We see no substantial difference when dealing with the advertising section of the telephone book between the contractual right of a subscriber and those of a nonsubscriber on the question of whether or not the service is private or public. It may well be that a subscriber has a right to a contract providing a listing in the advertising section where a nonsubscriber does not, but this right need not of itself change the character of the contract from a private to a public service. However, we do not decide this question at this time.

The real question which must be decided here is whether or not the provision in the tariff, if it applies, and the provision in the contract, both of which purport to limit and control plaintiff's liability, are against public policy. The validity of contractual clauses seeking to avoid liability has been upheld in some cases, and in specific instances has been stricken down as being against public policy. The closest case in factual content to the present one is that of Thomas v. First National Bank of Schanton, 376 Pa. 181, which involved an agreement between a bank and its depositor, releasing the bank from its liability for paying a check after receiving a stop payment. This case arose before the present Uniform Commercial Code of April 6, 1953, P. L. 1. It is significant to note that, in this code, it is specifically provided that no agreement of a bank can disclaim responsibility or limit the measure of damages for its own lack of good faith or failure to exercise ordinary care.

While it would appear to us that defendant's counterclaim is de minimis and perhaps captious, contrived to avoid paying the large advertising bill, this is for a jury.

We are of the opinion that the limiting contractual clauses involved in this case fall within the above category and for this reason alone, the motion for judgment on the pleadings would have to be dismissed.

This brings us to defendant's contested answers to plaintiff's interrogatories. Plaintiff contends that defendant should be directed to make more specific answers to interrogatories nos. 4, 5, 6, 7, 10 and 13. We have analyzed the said interrogatories and the answers thereto filed by defendant, and we conclude that plaintiff is not entitled to more specific answers except with regard to nos. 4 and 13.

We, therefore, make the following

### Order

And now, to wit, April 19, 1963, plaintiff's petition to strike off counterclaim and defendant's reply to plaintiff's new matter in the nature of a motion for judgment on the pleadings be and the same is hereby dismissed.

Defendant is directed to file more specific answers to questions nos. 4 and 13 of plaintiff's interrogatories within 20 days of the date hereof.