380 P.2d 721

**METROPOLITAN WATER DISTRICT OF SALT LAKE CITY, a corporation, Plaintiff, Respondent and Cross-Appellant,**

**v.**

**SALT LAKE CITY, a municipal corporation, J. Bracken Lee, L. C. Romney, Joe L. Christensen, Conrad B. Harrison, Herbert F. Smart and Thorpe B. Isaacson, Defendants, Appellants and Cross-Respondents.**

**No. 9660.**

Supreme Court of Utah.

April 23, 1963.

172

Homer Holmgren, City Atty., Norman W. Kettner, Asst. City Atty., Salt Lake City, for appellant.

Fisher Harris, E. Ray Christensen, Brigham E. Roberts, Salt Lake City, for respondents.

CROCKETT, Justice.

This action concerns a dispute over the right of defendant, Thorpe B. Isaacson, to serve as a director of the Metropolitan Water District of Salt Lake City (hereinafter called the Water District). It involves the interpretation and application of certain provisions of the act under which it was created, Chap. 110, S.L.U.1935, and amendments thereto (now Chap. 8, Title 73, U.C.A.1953.)

Acting pursuant to the powers granted by the act, the Salt Lake City Commission in 1935 adopted an ordinance creating the Water District for the purpose of acquiring, conserving and delivering culinary water to Salt Lake City, the primary source being

Deer Creek Reservoir and the aqueduct therefrom. The ordinance set the number of directors of the Water District at seven; their terms at six years; that they be appointed by the mayor, subject to the approval of the City Commission. The District operated in this manner until 1941 when the ordinance was amended, reducing the number of directors to five and the terms to four years, but leaving the method of appointment of directors the same. The Water District had continued to function in accord with these ordinances from 1935 to 1961, with the mayor nominating and the commission approving the appointment of board members. In 1961 some dissension had arisen between Mayor J. Bracken Lee and other members of the City Commission on the one hand, and officials of the Water District on the other as to the latters' prerogatives. At that time the four-year term to which Charles C. Freed had been appointed as a director of the Water District was about to expire and Mayor Lee did not reappoint him, but, after making abortive attempts to appoint two others, requested of the City Commission that Thorpe B. Isaacson be appointed to the Board to replace Mr. Freed. The City Commissioners voted 4 to 0 to approve this appointment, one commissioner, Conrad B. Harrison abstained.

The Board of Directors of the Water District in this action contest Mr. Isaacson's appointment. They contend (a) that Mr. Freed's term had not expired, and (b) that even if it had, the Mayor improperly presumed to make the appointment when that prerogative belonged to the Commission as a whole. The District Court rejected the first contention and ruled that the term had expired, but sustained the second that the appointment was improperly made. The parties appeal and cross-appeal on these issues.

The foundation of the argument that the term of Charles C. Freed had not expired is that in 1957 the legislature amended Sec. 73–8–52 of the act. Before the amendment it read:

"Recall and resignation of directors.— Every member of the board of directors of a metropolitan water district formed hereunder shall be subject to recall for *or without* cause by the governing body of the municipality from which such member shall be appointed, and any member may resign from said board of directors and any office held by him in said district."

The amendment deleted the italicized words "or without." Plaintiffs argue that this change was both to eliminate any authority of the governing body (City Commission) to remove directors by whim or caprice and to indicate legislative intent that Water District directors, once appoint-

ed and approved, should serve during good behavior and for life unless removed for cause, which, by this statute became the exclusive method for removal or termination of the director's term of service. They further insist that this statutory change, being subsequent in time to the original enactment and the organizing ordinances which had been adopted thereunder, superseded them and that the ordinance fixing four-year terms is thus in conflict with the statute and is consequently void and of no effect.

■■ We are in accord with the thought that the amendment was designed to prevent the removal of a director at the whim or caprice of the City Commission. But we cannot agree that it was intended to create life tenure for the directors. The concept of life tenure does not harmonize with the underlying principles of our democratic form of government and the auxiliaries through which it operates. Consequently it is not favored and is never created by mere implication but only by clear and unequivocal declaration.[1] On the other hand it seems a great deal more reasonable that endowing the City Commission with the power to create the Water District and to appoint its directors carries by fair implication the authority to fix their terms of service.

A case analogous on this point to the instant one is that of Com. ex rel. Bunch v. Beattie.[2] A statute had created the office of jail warden without fixing a definite term and a later amendment prescribed removal for "misconduct or inefficiency." The same argument was made as here, that this had the effect of creating a term for life except for such misconduct or inefficiency. The court stated:

"It is therefore urged that the interpretation of the statute and its amendment disclose the implied legislative intent that the appointment of the jail warden was for life or until or unless he was shown to be guilty of misconduct or to be inefficient; that this constituted a condition fixed by the Legislature and therefore the warden cannot be dismissed at the pleasure of the board.

"We are unable to accept this interpretation of the statute. It is a common-law rule that the tenure of ministerial officers in general is during the pleasure of the appointing power, unless the law clearly provides otherwise * * * to declare that it was the intent of the Legislature to create an implied tenure of office of a jail warden for life or good behavior (a longer

1. See Shurtleff v. United States, 189 U.S. 311, 23 S.Ct. 535, 47 L.Ed. 828, and De-Castro v. Board of Commissioners of San Juan, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384.

2. 364 Pa. 572, 73 A.2d 664.

tenure than is provided for any other State official whether elected or appointed) required a more positive, or plain and unequivocal expression of intent by the Legislature."

We regard the reasoning of the Pennsylvania Court as sound and consonant with the correct ruling of our District Court that the term of Mr. Freed had expired.

The plaintiff's contention that it was not the prerogative of the Mayor to appoint Mr. Isaacson as a director of the Water District, but that of the Commission as a whole, rests upon the language of Sec. 73-8-20 of the act:

[a] "All powers, privileges and duties vested in or imposed upon any district incorporated hereunder shall be exercised and performed by and through a board of directors; * * *.

[b] "In the event that the district shall be organized to comprise the area of two or more cities, the board of directors herein referred to shall consist of at least one representative from each municipality, the area of which shall lie within the metropolitan water district. Such representatives shall serve without compensation from the district and shall be designated and *appointed by the chief executive officers* of mu-

nicipalities, respectively, *with the consent and approval of the governing bodies* of the municipalities, respectively. * * *

[c] "If any district shall include the area of only one municipality then the board of directors shall consist of such number as the governing body of that municipality shall determine. All provisions of this section appropriate shall apply to such board."

The language emphasized in the paragraph [b] quoted above is the only reference in the statute to the appointment of directors, which is to be by "the chief executive officers of municipalities * *." Plaintiff points out that this paragraph purports to deal with a district comprising two or more cities and as to the appointment, uses the plural "by the chief executive officers"; and that the following paragraph [c] states that the directors shall be of "such number as the governing body of that municipality shall determine." From these facts plaintiff reasons: that under the commission form of government of Salt Lake City, each commissioner has equal authority in his own department, and that there is thus no "executive officer" as such; and that consequently the statute reposes the power of appointment, not in the mayor, but in the commission as a whole because

it only can be the "chief executive officers" of the city. While it is to be conceded that these statutes are not as clear as might be desired, they must be looked at in the entirety and given a practical application in conformity with their intended purpose. In that connection it is noteworthy that the concluding sentence of the last paragraph states that "All provisions of this section appropriate shall apply to such board [of directors]."

A well-recognized rule of statutory construction requires the court to assume that all words in the statute were placed there advisedly and that all should be given meaning wherever possible. Therefore, as to the authorization to make the appointment we must look to paragraph [b] quoted above, which contains the only reference thereto. From the entire context of the statute it appears that it was contemplated that there be some "chief executive officer" of municipalities, separate and apart from the "governing body"; [3] and that the former should appoint and the latter should approve the directors. That being so, the chief executive officer would naturally be the mayor and the "governing body" would be the City Commission. This is said in reference to the particular problem at hand and without concern as to whether the mayor in the Salt Lake City Commission form of government is the "executive officer" for other particular purposes.

The fact that the words are in the plural is not a matter of serious concern. Due to the awkwardness of making constant changes in subject and verb, noun and pronoun, to cover the singular and plural in drafting statutes, they are often written uniformly in either one or the other and it is quite generally held that where a sensible interpretation and application of the statute so requires the singular includes the plural and vice versa. This rule is codified in our statute.[4]

We have discussed the points above to deal with the issue upon which the parties have indicated a desire for a ruling to settle the present controversy and for guidance in the future. In regard to the instant case it is further to be observed that the appointment of Mr. Isaacson to the board of directors was done as follows:

> "From Mayor: August 3, 1961
> "Gentlemen:
>
> "I respectfully request that Bishop Thorpe B. Isaacson of 2431 Beacon Drive here in Salt Lake City be appointed to the Board of Directors of the Metropolitan Water District. His

---

3. For powers and duties of mayor and commissioners, see Ch. 6, Title 10, U.C.A. 1953.

4. 68–3–12(6) U.C.A.1953.

term is to be effective immediately and run the prescribed four years until June of 1965. Bishop Isaacson's appointment will fill the vacancy caused by the expired term of Mr. Charles Freed.

"J. Bracken Lee, Mayor"

From the fact that the Commission voted 4 to 0 in favor of the proposal, in practical effect the action was a nomination by the mayor and appointment by the Commission. The nomination had to originate with someone, and the mayor certainly was not disqualified to do so. We see no justification for apprehensions as to arbitrary authority in the mayor because there is the safeguard of approval by the governing body. This is pointed up by the fact that in this particular situation the mayor had previously attempted and failed at two other nominations.

We are in accord with the ruling that the term of Charles C. Freed had expired, but must disagree with that nullifying the appointment of Thorpe B. Isaacson. No costs awarded.

(All emphasis ours.)

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.