Allen *v.* West Mifflin Borough, Appellant.

Argued October 7, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*R. R. McWhinney,* for appellants.

*T. Robert Brennan,* with him *Brennan and Brennan,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 23, 1965:

Appellee, John G. Allen, was a policeman for the Borough of West Mifflin when he was "retired" pursuant to Borough Ordinance No. 507 which provides as

follows: "(a) Police Officers of the Borough of West Mifflin having a minimum period of total service not less than an aggregate of 20 years in the Borough of West Mifflin, may be retired from active duty with the Borough of West Mifflin, at the age of 61 years, upon appropriate action being taken by the Council of the Borough of West Mifflin."

This ordinance requires that the policeman to be retired have both an aggregate of 20 years service and be 61 years old. Thus, age is not the criterion. Presumably, an officer with less than 20 years aggregate total service cannot be retired at age 61 under this ordinance. In *Soltis Appeal*, 390 Pa. 416, 135 A. 2d 744 (1957), we reaffirmed the position this Court took in *Boyle v. Philadelphia*, 338 Pa. 129, 12 A. 2d 43 (1940), wherein we said: "Where a bona fide attempt is made by a municipality to improve its police and fire service, and *all employees of the same class are treated alike*, it would seem that there can be no doubt that the municipality has the right to adopt a plan of demotion and retirement based upon age limitations". (Emphasis supplied.) This ordinance, since it is not based upon age limitations or any other uniform criterion does not treat all members of the class alike. Further, its invocation is dependent upon "appropriate action" being taken by the borough council. Such an ordinance permits arbitrary action. In *Commonwealth ex rel. Siani v. City of Wilkes-Barre*, 164 Pa. Superior Ct. 529, 67 A. 2d 776 (1949), the Superior Court held an ordinance giving discretion similar to that involved herein to be invalid as violative of civil service status. We find that the present ordinance by permitting termination of employment as a policeman on grounds not specified within the civil service statutes, and which are not uniform, is violative of such statutes, and thus invalid. It is therefore unnecessary to decide whether the ordinance is also unconstitutional.

A further question is raised by the delay involved in filing the complaint and adjudicating the present case. Appellee received notice of his October 1, 1963 "retirement" on September 18, 1963. His counsel contacted the borough council on September 26, 1963. Yet no complaint was filed until April 1, 1964. The adjudication and order were not filed until June 1, 1965. In its order of restoration, the lower court gave appellee damages in the amount of full pay from October 1, 1963 to date of order less other earned income during that period. Since these damages are paid from public funds there is a duty incumbent upon the plaintiff not to rest upon his rights, and especially upon the courts to not be dilatory in determining the issues. As Justice CLARKE wrote in *United States ex rel. Arant v. Lane*, 249 U.S. 367 (1919), "When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified, the government service may be disturbed as little as possible, and that two salaries shall not be paid for a single service."

While we do not think that there has been enough delay and induced reliance to raise the defense of laches to the writ of mandamus here sought, we feel that the lower court should determine whether the delay in filing the complaint was justified by negotiations with the borough or some other action which reasonably delayed the filing of a complaint, and adjust the damages accordingly. Also, the lower court should determine the responsibility for the period between the joinder of issue and final adjudication, and if such responsibility falls on the plaintiff then damages should be further adjusted.

Judgment of mandamus affirmed and judgment for damages vacated. Case remanded for further action consistent with this opinion in the assessment of damages.

. Mr. Chief Justice BELL and Mr. Justice JONES concur in the result.