## Krajcirik v. Lansford Borough

*William H. Bayer*, for plaintiff.

*William B. Quinn*, for defendants.

HEIMBACH, P. J., July 29, 1970.—Plaintiff, a police officer in the Borough of Lansford, Pa., for 27 years, 3 months and 7 days, was involuntarily retired by borough council on October 7, 1969, for the sole reason that he had completed the minimum service (25 years) and age requirement (55 years) as prescribed by Act no. 358 of the 1957 Legislature, Act of July 10, 1957, P. L. 676, as amended, 53 PS §769,[1]

---

[1] "§769. Retirement; police reserves.

"Each ordinance or resolution establishing a police pension fund shall prescribe a minimum period of total service not less than an aggregate of twenty-five years in the same borough, town or township and a minimum age of sixty years after which members of the force may retire from active duty, and such members as are retired shall be subject to service, from time to time, as a police reserve, in cases of riot, tumult or preservation of the public peace until unfitted for such service, when they may be finally discharged by reason of age or disability. 1956, May 29, P. L. (1955) 1804, §3."

and in accordance with section 71 of its Ordinance 5-1957, as reenacted by ordinance 5, December 3, 1968, which provides:

"A. *Police Pensions*

"Section 71. Police Pensions to be Provided. Upon completion of the minimum service and age requirements as prescribed by Act 358 of the 1957 Legislature, as enacted or amended, the officer shall be eligible to retire on the minimum pension as set forth, or retire at an age and period of service and an amount of pension not inconsistent with such law but mutually agreeable between the municipality and the officer."

Plaintiff thereupon, by counsel, demanded a hearing, contending that his removal from the police force was in violation of the Act of June 15, 1951, P. L. 586, sec. 2, as amended June 14, 1961, P. L. 348, sec. 1, July 19, 1965, P. L. 219, sec. 1, 53 PS §812,[2] and has consistently returned to the secretary of council pension checks mailed to him.

Defendants insist the involuntary retirement of plaintiff for the reasons stated is proper, i.e., that

---

[2] "§812. Removals.

"No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, shall be suspended or removed except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed. 1951, June 15, P. L. 586, §2."

ordinance 5-1957, as reenacted December 3, 1968, supra, authorizes council to invoke the pension provision. Plaintiff disagrees and argues that the provision is applicable only upon his application.

We agree with plaintiff's contention. We do not read into such provision any right in council to involuntarily retire plaintiff.

If we were to accept defendants' contention, such section of the ordinance would give it discretionary power to determine when a police officer, who has reached the age of 55 years and has had 25 years of service, but who has not made application to retire, shall be retired. Since such an interpretation would permit council to except any police officer from the operation of such section at will, the ordinance would be invalid.

What the court said in Allen v. West Mifflin Borough, 419 Pa. 394, at 396, is apposite and controlling:

". . . In Soltis Appeal, 390 Pa. 416, 135 A. 2d 744 (1957), we reaffirmed the position this Court took in Boyle v. Philadelphia, 338 Pa. 129, 12 A. 2d 43 (1940), wherein we said: 'Where a bona fide attempt is made by a municipality to improve its police and fire service, and *all employees of the same class are treated alike*, it would seem that there can be no doubt that the municipality has the right to adopt a plan of demotion and retirement based upon age limitations'. (Emphasis supplied.) This ordinance, since it is not based upon age limitations or any other uniform criterion does not treat all members of the class alike. Further, its invocation is dependent upon 'appropriate action' being taken by the borough council. Such an ordinance permits arbitrary action. In Commonwealth ex rel. Siani v. City of Wilkes-Barre, 164 Pa. Superior Ct. 529, 67 A. 2d 776 (1949), the Superior Court held an ordinance giving discretion similar to that involved herein to be invalid as

violative of civil service status. We find that the present ordinance by permitting termination of employment as a policeman on grounds not specified within the civil service statutes, and which are not uniform, is violative of such statutes, and thus invalid . . ."

Defendant council on November 18, 1969, adopted the following resolution:

"The Borough of Lansford hereby ordains as follows:

"Section one of Ordinance 5-1957 . . . as re-enacted by Ordinance 5, December 3, 1968, is hereby amended to read as follows:

"*Section 1.* Every member of the police force of the Borough of Lansford, having served in the said police force for a minimum period in the aggregate of twenty-five (25) years, and having reached the age of fifty-five (55) years, shall be retired from active duty on the police force, after which such retired member shall receive the pension or retirement benefit provided for under the terms of the Act of 1956 P. L. 1804 as last amended, but such retired persons shall, at the discretion of the Mayor and/or Borough Council, be subject to service, from time to time, as a police reserve, in cases of riot, tumult or preservation of the public peace, until unfitted for such service, when they may be finally discharged by reason of age or disability . . ."

Defendants say in the alternative that if it lacked authority to retire plaintiff under the provisions of the original ordinance, it now has such authority under the November 18, 1969, resolution.

Plaintiff admits that the resolution amending the original ordinance upon enactment may effectively cause the involuntary retirement of a police officer of the Borough of Lansford, but insists such amendment, even if properly enacted, after defendants

wrongfully retired plaintiff, has no effect on plaintiff's status until plaintiff is notified that he has been retired under the provisions of such amended section, and until such notice he remains as an active member of the police department. In the alternative, plaintiff argues that such resolution is without effect, since it was never advertised.[3]

It has been clearly indicated by our appellate courts that the power to establish a mandatory retirement age for municipal employes is not precluded by civil service legislation (Boyle v. Philadelphia, 338 Pa. 129, 12 A. 2d 43 (1940), Soltis Appeal, 390 Pa. 416, 135 A. 2d 744 (1957)), provided all employes of the same class are treated alike, and not dependent upon "appropriate" action being taken by borough council: Allen v. West Mifflin Borough, supra. Also see The Borough Code of February 1, 1966, P. L. (1965) 1656, sec. 1171, 53 PS §46171, where it is provided:

"§46171. Appointments of police and firemen.

". . .

"No person shall hereafter be suspended, removed or reduced in rank as a paid employe in any police force or as a paid operator of fire apparatus of any borough, except in accordance with the provisions of this subdivision. However, nothing in this subdivision (j) shall apply to retirement nor shall anything herein prevent any borough from adopting a compulsory retirement age for its employes or for any class or classes thereof and from retiring all such employes automatically when they reach such age."

Plaintiff's contention that the November 18, 1969, resolution, even if properly enacted, would not affect his status until he has been notified that he has

---

[3] It has been stipulated that such resolution was not advertised.

been retired under such resolution's provision is completely without merit. If such argument prevailed, for reasons heretofore stated the amendment resolution would be invalid, since if notice were required its invocation would be dependent upon "appropriate action" being taken by the borough council: Allen v. West Mifflin Borough, supra. The validity of such an ordinance is found in the provision automatically retiring a police officer who has had 25 years of service and who has reached the age of 55 years.

The resolution passed would have retired plaintiff on its effective date. However, the resolution was not advertised. Section 1008 of The Borough Code, 53 PS §46008(a), inter alia, provides:

"No ordinance, or resolution of a legislative character, in the nature of an ordinance, shall be considered in force until the same is recorded in the ordinance book of the borough and *has been advertised* as provided in this article. . . ." See subsection (b) for advertisement requirements (Italics supplied.)

Since advertisement of a resolution or ordinance of a legislative character is mandatory, the ordinance or resolution adopted November 18, 1969, is not effective and is as wholly inoperative as if defendants had not acted in the matter.

Wherefore, we enter the following

## ORDER

Now, July 29, 1970, judgment on the pleadings is entered for plaintiff and against defendants. Defendants are directed to pay plaintiff as damages all wages and all other compensation or benefits to which he is entitled and of which he has been deprived from the seventh day of October 1969, until the date of this order, and to restore plaintiff to his proper

position on all rosters and records of the Borough of Lansford and the Civil Service Police Commission of the Borough of Lansford from the seventh day of October 1969.

Costs on defendant, Borough of Lansford.