## Conroy v. Kistler

*Jeffrey R. Dimmich,* and *Worth Law Offices, P. C.,* for plaintiff.

*James L. Heidecker, Jr., Assistant County Solicitor,* and *John E. Roberts, County Solicitor,* for defendants.

MELLENBERG, *J.*, July 7, 1978—Plaintiff, Edward J. Conroy, filed an action in mandamus requesting the court to reinstate him to his former position as Inspector of Weights and Measures of Lehigh County.

• • •

The primary issue before the court is whether the Commissioners of Lehigh County may, at their pleasure, remove the county inspector of weights and measures from office.

Plaintiff argues that the Act of May 11, 1911, P.L. 275, sec. 1, as amended, 76 P.S. §201, which created the office of inspector of weights and measures, governs the removal of an appointee from that office. Defendants contend that article VI, sec. 7, of the Constitution of Pennsylvania supersedes such legislation and is the applicable standard for removal in this situation. The said Act of 1911 provides in part:

". . . The county and city inspectors of weights and measures, as appointed by the respective counties and cities, shall hold their office during good behavior; and shall not be removed, discharged, or reduced in pay or position except for inefficiency, incapacity, conduct unbecoming employes, or other just cause, and until the said officials shall have been furnished with written statements of the reason for such removal, discharge, or reduction, and shall have been given reasonable time to make written answer thereto. Nor shall such removal, discharge, or reduction be made until the charge or charges shall have been examined into and found true in fact by the appointing power of such county or city, at a hearing, upon reasonable notice to the

person charged, at which time he may be represented by counsel and offer testimony or witnesses in his own behalf. . . ."

Article VI, sec. 7, of the Constitution of Pennsylvania states: "Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed."[1]

The standards for removing a public official from a legislatively created public office were first examined in Com. ex rel. Lowell v. Hoyt, 254 Pa. 45, 98 Atl. 782 (1916). In Hoyt, a county inspector of weights and measures was removed without cause by the county commissioners. The Supreme Court of Pennsylvania affirmed per curiam the lower court's ruling that the position of county inspector of weights and measures was a legislatively created office, and that the legislature was without power to prescribe a method for the removal of such an officer other than the method provided in article VI, sec. 4 of the Constitution.

A decade later the Supreme Court impliedly overruled Hoyt in Milford Township Supervisors' Removal, 291 Pa. 46, 139 Atl. 623 (1927). The court held that while article VI, sec. 4, of the Constitution was not limited to officers named in the Constitution of the Commonwealth, it was not applicable

---

1. Amended May 17, 1966. This section was originally numbered as article VI, sec. 4, in the Constitution of 1874. Said section read as follows:

"Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed." The cases discussed in the opinion refer to the 1874 text of article VI, sec. 4, rather than the 1966 text.

when the legislature had the right to fix the length of the term of office, and had made it determinable by judicial proceedings, or contingencies other than the mere passage of time.

The Milford decision was cited with approval in Weiss v. Ziegler, 327 Pa. 100, 193 Atl. 642 (1937), where the court determined that article VI, sec. 4, and article XII, sec. 1[2] (which provides that "[a]ll officers whose selection is not provided for in this Constitution shall be elected or appointed as may be directed by law . . ."), should be read in conjunction. The court concluded by saying: "The authority so conferred to provide for the election or appointment of other officers necessarily involves and implies legislative power to annex conditions of tenure. The legislature may very well say that it is desirable that certain officers should be appointed but, for reasons which it deems sufficient, they should not be subjected to removal at pleasure and, if so minded, the legislature may of course provide for such officers, the Constitution containing no provision to the contrary." Weiss, supra, at 104. See also: Com. ex rel. Bunch v. Beattie, 364 Pa. 572, 73 A. 2d 664 (1950).

The Supreme Court, in Watson v. Pennsylvania Turnpike Commission, 386 Pa. 117, 125 A. 2d 354 (1956), after scrutinizing the aforesaid decisions, affirmed the holdings in Milford and Weiss. The court found that legislatively annexed conditions of tenure may determine the method of removal of an appointee of the related legislatively created office. They established the rule that where the legislature, in creating a public office, imposes no terms or

---

2. Renumbered as article VI, sec. 1, by amendment adopted May 17, 1966.

limitations on the duration of an incumbent's tenure or the mode of his removal, the method of removal described by article VI, sec. 4 of the Constitution applies.

The ruling in Watson was subsequently followed in Bowers v. Penn Labor Relations Board, 402 Pa. 542, 167 A. 2d 480 (1961), where the court reiterated that under article XII, sec. 1 of the Constitution, where the legislature creates a public office, it may impose such terms and limitations with reference to the tenure or removal of an incumbent as it sees fit. The court determined that whether the legislature in creating an appointive office has evidenced by its enactment an intention that the tenure of the appointee should not be subject to termination at the pleasure of the appointing power presented a pure question of statutory construction which was the function of the judiciary to resolve. Utilizing the rules established under the Statutory Construction Act,[3] the court concluded that when the legislature creates an administrative agency and provides that its members be appointed for fixed terms with staggered expiration dates, the intent thereby evidenced is that said members are not removable by the appointing power at his pleasure.

We are not persuaded by defendant's argument that the decisions in Bowers and Watson are limited to the proposition that only legislatively created offices with staggered terms of tenure are exempt

3. "Every law shall be construed, if possible, to give effect to all its provisions" and the legislature, in the enactment of a law, is to be presumed to have intended the entire statute to be effective and certain: Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. §§551, 552(2) (since repealed).

from the application of article VI, sec. 7, of the Constitution. The Supreme Court in Watson made it abundantly clear that the embodiment of a method of removal for the appointed officer in the pertinent legislation renders article VI, sec. 7, inapplicable.

Under Bowers and Watson, the method of removal of an appointee from a legislatively created public office is determined by the wording of the pertinent statute and the legislative intent behind its formulation. The Act of 1911, supra, sets forth a specific and limited method for the removal of a county inspector of weights and measures. Applying the well established rules of statutory construction,[4] we are of the opinion that the inclusion of a precise mode of removal in the provision is evidence of the legislature's intention that the county inspector of weights and measures could not be removed at pleasure. Thus, under the rules established in Watson and Bowers, the removal of plaintiff from office is governed not by article VI, sec. 7 of the Constitution, but by the appropriate language of the Act of 1911, supra.

The final issue before the court is whether or not plaintiff is barred from recovery for failing to file his complaint within a reasonable time after his dismissal from office.

Whenever a public official is unlawfully removed from office, consideration of public policy make it of the first importance that the official promptly take the requisite action to effectively assert his rights so that, if his contention is justified, the public service

---

4. Act of December 6, 1972, P.L. 1339, sec. 3, 1 Pa.C.S.A. §1933.

may be disturbed as little as possible, and so that two salaries will not be paid for a single service: Nicholas v. United States, 257 U.S. 71 (1921); Allen v. W. Mifflin Borough, 419 Pa. 394, 214 A. 2d 502 (1965); United States ex rel. Arant v. Lane, 249 U.S. 367 (1919).

In the present action plaintiff waited over a year before asserting his claim for reinstatement and back wages. In such a case the equitable defense of laches may exist. See: McMonigle v. Philadelphia, 387 Pa. 341, 127 A. 2d 675 (1956); Com. ex rel. Oliver v. Wilkes-Barre, 365 Pa. 24, 73 A. 2d 420 (1950). In a mandamus action, the court may apply equitable principles in arriving at its decision: Hotel Casey Co. v. Ross, 343 Pa. 573, 23 A. 2d 737 (1942); Sunno v. Samuel, 76 D. & C. 207 (1951). Even if the doctrine of laches is not pleaded, but the facts at the hearing indicate that plaintiff's unreasonable delay works to prejudice defendant, the doctrine may be applied: Lehner v. Montgomery, 180 Pa. Superior Ct. 493, 119 A. 2d 626 (1956); Baslego v. Kruleskie, 162 Pa. Superior Ct. 174, 56 A. 2d 377 (1948). The court could not make a determination in this regard and therefore set the matter down for further hearing.

We have reviewed the record of the hearing held on this court's order and find that the facts presented at the hearing are insufficient to establish the defense of laches. Plaintiff requested a formal hearing immediately prior to his dismissal. Several days later he obtained counsel to contest his removal. Thereafter, counsel for the respective parties negotiated during the period between plaintiff's dismissal and the filing of the complaint. We, therefore, find that plaintiff is not barred from the relief sought.

## DECREE NISI

And now, July 7, 1978, for the reasons set forth in the attached adjudication, it is ordered that judgment be entered in favor of plaintiff, and defendants are commanded to restore plaintiff to the office of Inspector of Weights and Measures for the County of Lehigh, and assign to plaintiff the proper duties incident to said office as well as pay to plaintiff such back wages from the date of his discharge on February 13, 1976, along with all benefits and emoluments to which defendant would be entitled.

This decree shall become absolute unless exceptions are filed within 30 days.